**R. D. PENDLETON, Petitioner,**

v.

**L. S. NELSON, Warden, et al., Respondents.**

**No. 48268.**

United States District Court
N. D. California.

Nov. 22, 1967.

R. D. Pendleton, in pro per.

Office of the Attorney General, State of California, for respondent.

WEIGEL, District Judge.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The request of R. D. Pendleton for leave to file his petition for writ of ha-

beas corpus *in forma pauperis* is granted. 28 U.S.C. § 1915(a) (1964).

Petitioner is serving sentences in state prison for two separate convictions for narcotics offenses, and he now attacks the validity of each conviction. The convictions are now considered separately because they raise different problems.

The facts leading up to the second conviction actually occurred first and are as follows: In January of 1964, the police were informed by a seventeen year old girl that petitioner had had sexual intercourse with her, after giving her narcotics. Pursuant to this report the police, without an arrest warrant, went to petitioner's apartment to arrest him. While there, the police discovered four marijuana cigarettes, and petitioner confessed that they were his. Petitioner later reaffirmed this confession at the police station. Petitioner was convicted for possession of marijuana and statutory rape, but the statutory rape charge was reversed on appeal on grounds not here relevant. Thus, petitioner is contesting only the narcotics conviction.

█ Petitioner makes a number of arguments with regard to that conviction. First, he argues that the police did not inform him of his right to counsel nor of his right to remain silent, and that therefore his constitutional rights were violated when his confessions were introduced at trial. This argument is without merit. Petitioner's trial began on June 1, 1964, and therefore the guidelines set forth in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not applicable. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Next, petitioner argues that the police had neither an arrest warrant nor a search warrant, and that therefore the four marijuana cigarettes were illegally seized. Since the cigarettes were admitted into evidence, he claims this as another reason why his conviction must be overturned.

█ It is true, of course, that the admission of illegally seized evidence requires that a conviction be overturned. See Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). However, in the instant proceeding, petitioner has not demonstrated that the seizure was illegal.

█ It is well settled that an arrest may be made, upon probable cause, without an arrest warrant. See Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In the instant case, the police had probable cause in that the person upon whom the crime was allegedly committed reported its occurrence to the police. Further, it is equally well settled that a search incident to a valid arrest is also valid. See Beck v. State of Ohio, supra; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947). Therefore the admission into evidence of the marijuana cigarettes was not improper.

Petitioner also contests the validity of a second conviction which was in two counts: (1) possession of marijuana and (2) possession of marijuana for sale. Once again the challenge is based upon illegal search and seizure.

█ However, with regard to this conviction, petitioner admits that he consented to each of the two separate searches. Therefore, this court need not even reach the qustion whether the searches were illgal, as petitioner has waived any possible objection. Cf. Stoner v. State of California, 376 U.S. 483, 489, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). Moreover, while petitioner now baldly argues that his consent was not voluntarily given, he alleges no supporting facts whatever.

The petition for writ of habeas corpus is hereby denied.